IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROLAND THOMAS KOCH,<br><br>    Petitioner,<br><br>    v.<br><br>BRANDON PRICE,<br><br>    Respondent. | No. 2:19-CV-1994-JAM-DMC-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

        Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the Court is respondent's motion to dismiss (ECF No. 17) petitioner's petition for writ of habeas corpus. Petitioner has not submitted an opposition.

## BACKGROUND

        Petitioner is currently confined at Coalinga State Hospital in Coalinga, California, awaiting trial on a Sexually Violent Predator (SVP) petition filed against him in the Sacramento County Superior Court in 2008. On October 2, 2019, petitioner submitted this federal petition for writ of habeas corpus, alleging multiple claims stemming from a deprivation of his right to a speedy trial and the ineffective assistance of counsel. See ECF No. 1. On January 27, 2020, respondent submitted his motion to dismiss the petition. See ECF No. 17. Respondent argues that

the Court should abstain from addressing the petition because state proceedings are currently ongoing and petitioner has failed to demonstrate extraordinary circumstances justifying federal review at this time. Respondent's motion, supported by state court records, summarizes events as follows:

> On December 10, 2008, the Sacramento County District Attorney filed a SVP petition pursuant to California Welfare and Institutions Code sections 6000 et seq. (Lod. Doc. 1.) After a hearing on September 29, 2009, the Sacramento Superior Court found probable cause to hold Petitioner pending trial. (Lod. Doc. 2 at 12.) Since then, approximately seventy hearings have occurred in Petitioner's case. It does not appear from the record that Petitioner or his counsel has ever objected to continuing the case. (Lod. Doc. 2.)
>
> The superior court denied a Marsden[1] motion on April 19, 2019. (Lod. Doc. 2 at 2.) A second Marsden motion was dropped from the court's calendar on July 18, 2019. (Lod. Doc. 2 at 1.)
>
> Currently, a trial readiness conference is scheduled in the SVP case for March 9, 2020, and trial is scheduled for March 19, 2020. (Lod. Doc. 2 at 1.)
>
> Petitioner has filed two state habeas petitions related to his current confinement: (1) California Supreme Court case number S257536, filed August 19, 2019, denied September 11, 2019,2 and (2) Sacramento Superior Court case number 19HC00497,3 filed September 25, 2019, denied November 21, 2019. (Lod. Docs. 3-6.) Both petitions appear to contain the same claims Petitioner raises in the instant federal petition. (Lod. Docs. 3, 5.)
>
> Petitioner filed a petition for writ of habeas corpus in federal court on December 13, 2018 in *Koch v. Price*, 2:18-cv-3199 JAM KJN P (E.D. Cal. June 4, 2019 "*Koch*, 2:18-cv-3199"), alleging a speedy trial violation and ineffective assistance of counsel for failure to file motions and take Petitioner's case to trial. (*Koch*, 2:18-cv-3199, Dkt. 1.) On June 4, 2019, the district court judge ordered the case dismissed on abstention grounds. (*Koch*, 2:18-cv-3199, Dkt. 15.)
>
> ECF No. 17, pgs. 1-2 (original footnotes omitted).

A review of the Sacramento Superior Court website[2] shows that petitioner's SVP trial was continued to October 8, 2020, as a result of the COVID-19 health emergency.

---

[1] In California, a criminal defendant who is dissatisfied with court-appointed counsel must be permitted to state the reasons why the defendant believes the attorney should be replaced. See People v. Marsden, 2 Cal.3d 118, 123-24 (1970).

[2] See https://services.saccourt.ca.gov/PublicCaseAccess/, case number 00F06149; also Gerritsen v. Warner Bros. Enterm't Inc., 112 F. Supp. 3d 1011, 1033-34 (C.D. Cal. 2015) (judicial notice of government websites and websites run by governmental agencies is proper).

## **DISCUSSION**

Respondent argues that the current federal petition should be dismissed under the Younger abstention doctrine because: (1) there are currently pending state proceedings based on similar claims; (2) petitioner has failed to show that extraordinary circumstances exist and justify circumvention of the abstention doctrine. The Court agrees with respondent.

The Younger abstention doctrine asserts that a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief except under special circumstances. See Younger v. Harris, 401 U.S. 37, 43-45 (1971); also Samuels v. Mackell, 401 U.S. 66, 68-69 (1971). Younger and its progeny are based on the interests of comity and federalism that counsel federal courts to maintain respect for state functions and not unduly interfere with the state's good faith efforts to enforce its own laws in its own courts. See Middlesex County Ethics Committee v. Garden State Bar Assoc., 457 U.S. 423, 431 (1982). Federal courts should not enjoin pending state criminal prosecutions absent a showing of the state's bad faith or harassment. See Younger, 401 U.S. at 46, 53-54 (holding that the cost, anxiety and inconvenience of criminal defense are not the kind of special circumstances or irreparable harm that justify federal court intervention); also Dubinka v. Judges of the Superior Court, 23 F.3d 218, 225-26 (9th Cir. 1994).

The Ninth Circuit follows a three-prong test espoused by the Supreme Court to determine whether abstention under the Younger doctrine is appropriate. Younger abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. See Middlesex County Ethics Comm., 457 U.S. at 432.

If these three requirements are met, the Court must also consider whether any of the narrow exceptions to the Younger abstention doctrine apply. The Court need not abstain if the state court proceedings were undertaken for bad faith or for purposes of harassment or the statute at issue is "flagrantly and patently violative of express constitutional prohibitions." Dubinka, 23 F.3d at 223 & 225; Lebbos v. Judges of Superior Court, 883 F.2d 810, 816 (9th Cir. 1989). The extraordinary circumstances exception recognizes that a federal court need not abstain when

3

faced with a statute that is flagrantly unconstitutional in every clause. <u>Dubinka</u>, 23 F.3d at 225.

Here, respondent argues that the current federal petition is barred by the abstention doctrine. Specifically, respondent states:

> Here, the requirements for abstention are met. Petitioner is scheduled for trial on his SVP petition on March 19, 2020. (Lod. Doc. 2 at 1.) Thus the SVP proceedings are ongoing. <u>See</u> <u>Page</u>, 932 F.3d at 902 ("Where, as here, 'no final judgment has been entered' in state court, the state court proceeding is 'plainly ongoing' for purposes of <u>Younger</u>."). Petitioner's SVP proceedings also implicate important state rights. <u>See</u> <u>Smith v. Plummer</u>, 458 Fed. Appx. 642, 643 (9th Cir. 2011) (unpublished). There is also no indication that Petitioner does not have an adequate forum to raise constitutional challenges. To the contrary, Petitioner has filed several <u>Marsden</u> motions in the Sacramento Superior Court. (Lod. Doc. 2 at 1-2.) Finally, Petitioner is asking this Court to dismiss his SVP proceedings, thus the relief he seeks would have "the practical effect of enjoining the ongoing state judicial proceeding." <u>Page</u>, 932 F.3d at 902.
>
> Petitioner claims that "extraordinary circumstances do threaten great, immediate and irreparable injury." But Petitioner fails to explain what these circumstances are. The fact that his case has been pending for ten years does not qualify. "The delay [in bringing an SVP case to trial] is not an extraordinary circumstance under <u>Younger</u>." <u>Page</u>, 932 F.3d at 902. Petitioner claims that he has always demanded to be brought to trial. But he fails to attach any records supporting his claim, and the minute orders do not reflect any instance in which Petitioner made such a demand. (Lod. Doc. 2.) Rather, it appears the delay is " 'attributable to the petitioner's quite legitimate efforts in state court to escape guilt' through litigation." <u>Id.</u> at 902-03 (quoting <u>Edelbacher v. Calderon</u>, 160 F.3d 582, 585 (9th Cir. 1998).

ECF No. 17, pgs. 4-5.

The Court agrees that the <u>Younger</u> abstention doctrine warrants dismissal of the current petition. The first <u>Younger</u> prong is satisfied here because the state proceedings have not been concluded. As discussed above, petitioner's SVP trial has not yet occurred and is currently scheduled for October 8, 2020. The second prong is satisfied because an important state interest, that of not having the federal courts interfere in state criminal proceedings by precluding a prosecution, is at issue here. <u>See</u> <u>Dubinka</u>, 23 F.3d at 223. Finally, the third requirement is met because petitioner can address his federal constitutional claims related to the deprivation of his right to a speedy trial and the ineffective assistance of counsel in the state court criminal proceedings. Indeed, petitioner has submitted two different petitions to the California courts related to the same claims at issue here.

Additionally, no exceptional circumstances exist to justify circumventing the abstention doctrine. In his petition, petitioner argues that the Younger doctrine "does NOT apply to [him]" and that extraordinary circumstances threaten to do him "GREAT, IMMEDIATE and irreparable injury." ECF No. 1, pgs. 27 and 30. However, petitioner does not describe what sort of injury he is in threat of suffering, nor does he elaborate on why federal abstention should not apply in this case. Petitioner also argues that his lengthy criminal proceedings have caused him "pain, stress, [and] hopelessness . . ." ECF No. 1, pg. 27. However, "cost, anxiety, and inconvenience of criminal defense are not the kind of special circumstances or irreparable harm that justify federal court intervention." Jacobsen v. California, No. 1:13-cv-02062-AWI-JLT, 2014 U.S. Dist. LEXIS 2158, at *11 (E.D. Cal. Jan. 8, 2014). Lastly, the Court notes that petitioner has failed to submit an opposition to the current motion to dismiss and thus provides no additional context for these arguments.

## **CONCLUSION**

Based on the foregoing, the undersigned recommends that respondent's motion to dismiss (ECF No. 17) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 28, 2020

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

5